# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 17-225-KD-N |
| ) | |
| MICHAEL OVERTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter came before the Court on the Government's Motion to Schedule a Hearing on the Ancillary Petition Contesting Forfeiture, (Doc. 111), and Petitioner Devane Overton's Remission of Forfeiture Petition Form. (Doc. 80). The Court held an ancillary hearing, pursuant to 21 U.S.C. § 853(n), on July 16, 2019 to determine whether Devane Overton satisfied the requirements set forth in that statute. Specifically, Devane Overton sought the return of two firearms: one Savage Arms, model Fox BSE, 20 gauge shotgun and one Glock, model 22, .40 caliber pistol. (Doc. 80 at 2).

Upon consideration, and for the reasons set forth on the record, the Court concludes that Devane Overton established by a preponderance of the evidence that he "has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . . ." 21 U.S.C. § 853(n)(6)(A).

Pursuant to Federal Rule of Criminal Procedure 32.2(c)(2), "When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary

to account for any third-party rights." The Government shall provide the Court with a proposed final order of forfeiture on or before Friday, July 26, 2019 or inform the Court whether a final order of forfeiture is necessary.[1]

    **DONE** the 17th day of July 2019.

            /s/ Kristi K. DuBose
            **KRISTI K. DUBOSE**
            **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The Court re-entered the preliminary order of forfeiture with the judgment when the judgment against Michael Overton was docketed. (Doc. 76-1). But, according to the Government, that preliminary order of forfeiture included firearms and ammunition that had been administratively forfeited. See (Doc. 74). All but the two firearms Devane Overton sought during the ancillary proceeding were administratively forfeited. (Id.).